UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
SCOTT REIMER, Individually and On Behalf : Civil Action No. 1:08-cv-00411-NRB
of All Others Similarly Situated,                                :
                                                                 : CLASS ACTION
                       Plaintiff,                                :
                                                                 :
       vs.                                                       :
                                                                 :
AMBAC FINANCIAL GROUP, INC., et al.,                             :
                                                                 :
                       Defendants.                               :
                                                                 :
---------------------------------------------------------------- 
MARKO BABIC, Individually and On Behalf  : Civil Action No. 1:08-cv-01273-NRB
of All Others Similarly Situated,                                :
                                                                 : CLASS ACTION
                       Plaintiff,                                :
                                                                 :
       vs.                                                       :
                                                                 :
AMBAC FINANCIAL GROUP, INC., et al.,                             :
                                                                 :
                       Defendants.                               :
                                                                 :
---------------------------------------------------------------- 
KEVIN PARKER, Individually and On Behalf : Civil Action No. 1:08-cv-01825-NRB
of All Others Similarly Situated,                                :
                                                                 : CLASS ACTION
                       Plaintiff,                                :
                                                                 :
       vs.                                                       :
                                                                 :
AMBAC FINANCIAL GROUP, INC., et al.,                             :
                                                                 :
                       Defendants.                               :
---------------------------------------------------------------- x
[Caption continued on following page.]

MEMORANDUM IN SUPPORT OF THE MOTION OF INTER-LOCAL PENSION FUND
GCC/IBT FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR
APPROVAL OF SELECTION OF LEAD COUNSEL

| | | |
|---|---|---|
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION, On Behalf of Itself and All Others Similarly Situated, | : : : : | Civil Action No. 1:08-cv-01918-NRB <br><br> <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| AMBAC FINANCIAL GROUP, INC., et al., | : : | |
| Defendants. | : : | |

**I.       PRELIMINARY STATEMENT**

Presently pending before this Court are at least four-related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of Ambac Financial Group, Inc. ("Ambac" or the "Company") securities between October 19, 2005 and January 15, 2008, inclusive (the "Class Period"). The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Inter-Local Pension Fund GCC/IBT ("Inter-Local Fund") hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint Inter-Local Fund as Lead Plaintiff in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Inter-Local Fund's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that Inter-Local Fund is the most adequate plaintiff, as defined by the PSLRA. Inter-Local Fund is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Inter-Local Fund is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

During the Class Period, Inter-Local Fund incurred a substantial $2,790,730.99 loss on its transactions in Ambac shares. *See* Alba Decl., Ex. B.[1] To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Inter-Local Fund, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.     FACTUAL BACKGROUND[2]

Ambac is a holding company whose subsidiaries provide financial guarantee products and other financial services to clients in both the public and private sectors around the world. The Company and its subsidiaries operate in two segments: financial guarantee and financial services.

The complaint charges Ambac and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that, during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results related to its insurance coverage on collateralized debt obligations ("CDO") contracts. According to the complaint, the true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (i) that the Company lacked requisite internal controls to ensure that the Company's underwriting standards and its internal rating system for its CDO contracts were adequate, and, as a result, the Company's projections and reported results

---

[1] References to the "Alba Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated March 17, 2008, and submitted herewith.

[2] These facts are drawn from the allegations in the complaint entitled *Scott Reimer vs. Ambac Financial Group, Inc., et al.*, Civil Action No. 1:08-cv-00411-NRB (the "*Reimer* Action").

issued during the Class Period were based upon defective assumptions and/or manipulated facts; (ii) that the Company's financial statements were materially misstated due to its failure to properly account for its mark-to-market losses; (iii) that, given the deterioration and the increased volatility in the mortgage market, the Company would be forced to tighten its underwriting standards related to its asset-backed securities, which would have a direct material negative impact on its premium production going forward; (iv) that the Company had far greater exposure to anticipated losses and defaults related to its CDO contracts containing subprime loans, including even highly rated CDOs, than it had previously disclosed; (v) that the Company had far greater exposure to a potential ratings downgrade from one of the credit ratings agencies than it had previously disclosed; and (vi) that defendants' Class Period statements about the Company's selective underwriting practices during the 2005 through 2007 timeframe related to its CDOs backed by subprime assets were patently false, as the Company's underwriting standards were at best aggressive and at a minimum completely inadequate.

On January 16, 2008, Ambac announced its preliminary fourth quarter 2007 results. For the quarter, the Company announced that it expected a net loss of $3.4 billion, including an approximate $1.1 billion loss that was attributed to CDOs backed by subprime mortgages. Upon this news, the price of Ambac stock fell $8.12 per share, or approximately 40%, to close at $12.97 per share, on heavy trading volume.

### III.   ARGUMENT

#### A.   The Actions Should Be Consolidated for All Purposes

The Actions each assert class claims on behalf of Ambac shareholders for alleged violations of the Exchange Act. The Actions name similar defendants (*i.e.*, the officers and directors of Ambac) and involve the same factual and legal issues. The Actions are each brought by shareholders of Ambac during the relevant time period who were injured by defendants' fraud that

was perpetrated through the issuance of materially false and misleading statements. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

      **B.**    **Inter-Local Fund Should Be Appointed Lead Plaintiff**

           **1.**    **The Procedure Required by the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Reimer* Action caused the first notice regarding the pendency of these Actions to be published on *Business Wire*, a national, business-oriented newswire service, on January 16, 2008. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that

- 4 -

(aa) has either filed the complaint or made a motion in response to a notice...

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Inter-Local Fund Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Inter-Local Fund Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on March 17, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on January 16, 2008, Inter-Local Fund timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Inter-Local Fund has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* Alba Decl., Ex. C. In addition, Inter-Local Fund has selected and retained competent counsel to represent itself and the class. *See* Alba Decl., Ex. D. Accordingly, Inter-Local Fund has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

#### b. Inter-Local Fund Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R.

Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Inter-Local Fund, as an institutional investor, is precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See id.*

### c. Inter-Local Fund Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl., Ex. C, Inter-Local Fund incurred a substantial $2,790,730.99 loss on its transactions in Ambac shares. *See* Alba Decl., Ex. B. Inter-Local Fund thus has a significant financial interest in this case. Therefore, Inter-Local Fund satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in these Actions and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d. Inter-Local Fund Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims

or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). Inter-Local Fund satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *18.

Inter-Local Fund satisfies this requirement because, just like all other class members, it: (1) purchased Ambac shares during the Class Period; (2) was adversely affected by defendants' false

and misleading statements; and (3) suffered damages as a result thereof. Thus, Inter-Local Fund's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Inter-Local Fund to represent the class to the existence of any conflicts between the interest of Inter-Local Fund and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02 MD 1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 24, 2004).

Here, Inter-Local Fund is an adequate representative of the class. As evidenced by the injuries suffered by Inter-Local Fund and the class, the interests of Inter-Local Fund are clearly aligned with the members of the class, and there is no evidence of any antagonism between Inter-Local Fund's interests and those of the other members of the class. Further, Inter-Local Fund has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Inter-Local Fund's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Inter-Local Fund *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

    **C.**    **The Court Should Approve Inter-Local Fund's Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Inter-Local Fund has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has

substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Secs. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Alba Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve Inter-Local Fund's selection of counsel.

## IV.   CONCLUSION

For all the foregoing reasons, Inter-Local Fund respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Inter-Local Fund as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  March 17, 2008                                       COUGHLIN STOIA GELLER
                                                             RUDMAN & ROBBINS LLP


                                                              /s/ *Mario Alba Jr.*
                                                             MARIO ALBA JR.

SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Mario Alba Jr., hereby certify that, on March 17, 2008, I caused a true and correct copy of the attached:

    Notice of Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;

    Memorandum in Support of the Motion of Inter-Local Pension Fund GCC/IBT for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and

    Declaration of Mario Alba Jr. in Support of the Motion of Inter-Local Pension Fund GCC/IBT for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel.

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

                                                            */s/ Mario Alba Jr.*
                                                             Mario Alba Jr.

AMBAC FINANCIAL

Service List - 3/14/2008    (08-0008)

Page 1 of 2

**Counsel For Defendant(s)**

Peter C. Hein
Warren R. Stern
Joshua A. Naftalis
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY  10019
   212/403-1000
   212/403-2000 (Fax)

**Counsel For Plaintiff(s)**

Jill S. Abrams
Abbey Spanier Rodd & Abrams, LLP
212 East 39th Street
New York, NY  10016
   212/889-3700
   212/684-5191 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Donald J. Enright
Elizabeth K. Tripodi
Finkelstein Thompson LLP
1050 30th Street, N.W.
Washington, DC  20007
   202/337-8000
   202/337-8090 (Fax)

Frederic S. Fox
Joel B. Strauss
Donald R. Hall
Kaplan, Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY  10022
   212/687-1980
   212/687-7714 (Fax)

Christopher J. Keller
Andrei V. Rado
Alan I. Ellman
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY  10005
   212/907-0700
   212/818-0477 (Fax)

Richard A. Lockridge
Karen Hanson Riebel
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
   612/339-6900
   612/339-0981 (Fax)

AMBAC FINANCIAL

Service List - 3/14/2008    (08-0008)

Page 2 of 2

Robert M. Roseman
Andrew D. Abramowitz
David Felderman
Spector, Roseman & Kodroff, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
   215/496-0300
   215/496-6611 (Fax)