## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT REIMER, individually and on behalf of all others similarly situated, | ) Case No. 08-CV-00411-NRB |
| Plaintiff, | ) Electronically filed |
| - against - | |
| AMBAC FINANCIAL GROUP INC., ROBERT J. GENADER, PHILLIP B. LASSITER, SEAN T. LEONARD and THOMAS J. GANDOLFO, | |
| Defendants. | |
| MARKO BABIC, individually and on behalf of all others similarly situated, | ) Case No. 08-CV-01273-NRB |
| Plaintiff, | |
| - against - | |
| AMBAC FINANCIAL GROUP INC., ROBERT J. GENADER, PHILLIP B. LASSITER, SEAN T. LEONARD and THOMAS J. GANDOLFO, | |
| Defendants. | |

(Captions continued on subsequent page.)

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF THE U.S. PUBLIC PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD COUNSEL FOR THE CLASS AND CONSOLIDATION OF ALL RELATED ACTIONS, AND IN OPPOSITION TO THE COMPETING MOTION OF INTER-LOCAL PENSION FUND GCC/IBT**

| | |
|---|---|
| KEVIN PARKER, individually and on behalf of all others similarly situated, | Case No. 08-CV-01825-UA |
| Plaintiff, | Electronically filed |
| - against - | |
| AMBAC FINANCIAL GROUP INC., ROBERT J. GENADER, PHILLIP B. LASSITER, SEAN T. LEONARD and THOMAS J. GANDOLFO, | |
| Defendants. | |
| MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION, individually and on behalf of all others similarly situated, | Case No. 08-CV-01918-UA |
| Plaintiff, | |
| - against - | |
| AMBAC FINANCIAL GROUP INC., ROBERT J. GENADER, PHILLIP B. LASSITER, SEAN T. LEONARD and THOMAS J. GANDOLFO, | |
| Defendants. | |

The Public School Teachers' Pension & Retirement Fund of Chicago ("Chicago Teachers"), the Arkansas Teacher Retirement System ("Arkansas Teachers"), and the Public Employees' Retirement System of Mississippi ("Mississippi PERS," and collectively with Arkansas Teachers and Chicago Teachers, the "U.S. Public Pension Funds") respectfully submit this memorandum in further support of their motion for consolidation,[1] appointment as Lead Plaintiff and approval of their choice of the law firms of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Co-Lead Counsel, and in opposition to the competing motion filed by Inter-Local Pension Fund GCC/IBT ("GCC/IBT").

## I.  ARGUMENT

Under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the movant with the largest financial interest who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumptively the most adequate plaintiff and is entitled to appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption "may be rebutted only upon proof by a member of the purported class that the presumptively most adequate plaintiff" is inadequate to protect the interests of the class. *Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001) (*quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)).  As the movant with the "largest financial interest in the relief sought by the class" and who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," the U.S. Public Pension Funds respectfully request appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B).

---

[1] Both movants agree that the following four related cases (the "Related Cases") should be consolidated: *Reimer v. Ambac Fin. Group, Inc., et al.*, 08-CV-00411; *Babic v. Ambac Fin. Group, Inc., et al.*, 08-CV-01273; *Parker v. Ambac Fin. Group, Inc., et al.*, 08-CV-01825; and *Minneapolis Firefighters' Relief Assoc. v. Ambac Fin. Group, Inc., et al.* 08-CV-01918.

1.    **The U.S. Public Pension Funds Have the Largest Financial
      Interest in the Relief Sought by the Class**

A broad body of case law has established four key factors the Court should consider in determining which movant has the "largest financial interest." Those factors are: (1) the number of shares purchased; (2) the net number of securities purchased (offsetting the total number purchased by the total number sold); (3) the net funds expended by the movant to acquire those shares, and; (4) the approximate losses suffered by the movant. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (Buchwald, J.) (*citing Lax v. First Merchants Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)); *accord Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004).

Under each of these factors, the U.S. Public Pension Funds have a far greater financial interest than GCC/IBT. Moreover, each of the individual funds comprising the U.S. Public Pension Funds *separately* has a greater financial interest than GCC/IBT as measured under virtually all of these key metrics. The following chart demonstrates the financial interest of the U.S. Public Pension Funds and GCC/IBT in their trading of Ambac common shares[2] under the four-factor test:

---

[2]   This chart excludes the U.S. Public Pension Funds' and GCC/IBT's trading in Ambac bonds. If bond transactions are included, the U.S. Public Pension Funds have a $31,249,253 FIFO loss and a $21,021,563 LIFO loss and GCC/IBT has a $2,790,770 FIFO loss and a $2,586,216 LIFO loss.

2

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Funds Expended | FIFO Loss | LIFO Loss |
|---|---|---|---|---|---|
| Arkansas Teachers | 153,000 | 122,100 | $6,439,696 | $5,944,144 | $5,214,065 |
| Chicago Teachers | 262,150 | 81,380 | $7,719,231 | $12,662,763 | $10,139,680 |
| Mississippi PERS | 516,450 | 58,100 | $669,338 | $12,379,228 | $5,401,699 |
| U.S. Public Pension Funds Total[3] | 931,600 | 261,580 | $14,828,266 | $30,983,134 | $20,755,444 |
| GCC/IBT[4] | 49,935 | 27,950 | $2,865,006 | $2,792,747 | $2,588,232 |

As reflected above, the U.S. Public Pension Funds have the largest financial interest by far, with an estimated loss of over $31 million – more than *eleven times* the loss claimed by GCC/IBT, as measured on a first-in, first-out ("FIFO") basis. On a last-in, first-out ("LIFO") basis, the U.S. Public Pension Funds' financial interest is still over *eight times* that of GCC/IBT. Under either the FIFO or LIFO method, the losses of the individual members of the U.S. Public Pension Funds are at least *double* the loss asserted by GCC/IBT. Further, each of the individual funds comprising the U.S. Public Pension Funds has a far greater financial interest than that of GCC/IBT under virtually every other measure of financial interest. Under the other three *Lax* factors, both Arkansas Teachers and Chicago Teachers, individually, have gross share purchases, net share purchases and net funds expended that are multiples greater than the figures asserted by GCC/IBT. Mississippi PERS also has greater gross share purchases and net share purchases than GCC/IBT. Indeed, the U.S. Public Pension Funds, both individually and collectively, have a financial interest that dwarfs that asserted by GCC/IBT. Therefore, the U.S. Public Pension Funds are presumptively the "most adequate plaintiff[s]" and are entitled to appointment as Lead Plaintiff.

---

[3] *See* Exhibits D, E and F to the Declaration of Gerald H. Silk (Dkt. # 17, attachments 4, 5 and 6).

[4] *See* Exhibit B to the Declaration of Mario Alba, Jr. (Dkt. # 13, attachment 2).

3

2.    **The U.S. Public Pension Funds Are Qualified Under Rule 23**

The PSLRA provides that, in addition to possessing the largest financial interest, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  As described more fully in the opening memorandum of law, the U.S. Public Pension Funds are adequate and typical, and thus satisfy the requirements of Rule 23.  Indeed, as sophisticated public pension funds, they are exactly the type of institutional investors that Congress sought to empower in enacting the lead plaintiff provisions of the PSLRA. The U.S. Public Pension Funds have further demonstrated their adequacy through the submission of a Joint Declaration, which sets forth their understanding of their obligations as Lead Plaintiffs under the PSLRA to monitor counsel and their commitment to jointly prosecute this action on behalf of the Class.[5]  The Joint Declaration also establishes that the U.S. Public Pension Funds' participation in this action has been, and will continue to be, driven by the actions of the clients, and not their attorneys.[6]   Accordingly, the U.S. Public Pension Funds respectfully submit that they should be appointed Lead Plaintiff.

## II.    CONCLUSION

For the above reasons, the U.S. Public Pension Funds respectfully request that the Court: (1) deny the GCC/IBT motion; (2) consolidate the Related Actions; (3) appoint U.S. Public Pension Funds as the Lead Plaintiff; and (4) approve their choice of Co-Lead Counsel.

---

[5]  *See* Joint Declaration of Kevin Huber, Christa Clark and George W. Neville in Support of the Motion of the U.S. Public Pension Funds for Appointment as Lead Plaintiffs, attached as Exhibit G to the Declaration of Gerald H. Silk (Dkt. # 17, attachment 8).

[6]  *See, Ferrari v. Impath, Inc.*, No. 03 Civ. 5667(DAB), 2004 WL 1637053 at *3 (S.D.N.Y. July 20, 2004),  (stating that "The purpose behind the PSLRA is to prevent 'lawyer-driven' litigation, and to ensure that 'parties with significant holdings in issuers, whose interests are more strongly aligned with the class of shareholders, will participate in the litigation and exercise control over the selection and actions of plaintiffs counsel'") (citations omitted).

4

DATED:    April 3, 2008
          New York, New York

                                        Respectfully submitted,

                                        **KAPLAN FOX & KILSHEIMER LLP**

                                        By:_____/s/ Frederic S. Fox_____
                                             Frederic S. Fox
                                             Joel B. Strauss
                                             Donald R. Hall
                                             Melinda D. Rodon
                                        850 Third Avenue, 14th Floor
                                        New York, NY 10022
                                        Telephone:  (212) 687-1980
                                        Facsimile:  (212) 687-7714


                                        **BERNSTEIN LITOWITZ BERGER &
                                        GROSSMANN LLP**
                                        Gerald H. Silk
                                        Avi Josefson
                                        1285 Avenue of the Americas, 38th Floor
                                        New York, New York 10019
                                        Tel: 212-554-1400
                                        Fax: 212-554-1444


                                        *Counsel for the Public School Teachers'
                                        Pension & Retirement Fund of Chicago, the
                                        Arkansas Teacher Retirement System and
                                        the Public Employees' Retirement System of
                                        Mississippi, and Proposed Co-Lead Counsel
                                        for the Class*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2008, I caused to be electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will electronically send notification of such filing to the registered participants and paper copies will be sent via first-class mail postage pre-paid to those indicated as non-registered participants on April 3, 2008.

/s/    Melinda D. Rodon
Melinda D. Rodon

April 3, 2008

6