```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
IN RE AMBAC FINANCIAL GROUP, INC.
SECURITIES LITIGATION
                                         MEMORANDUM AND ORDER

                                         08 Civ. 411 (NRB)
------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/29/10

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiffs brought this securities class action against Ambac Financial Group, Inc. ("Ambac"), several of Ambac's officers and directors, and the underwriters of certain Ambac securities offerings. On August 27, 2009, defendants moved to dismiss plaintiffs' Consolidated Amended Class Action Complaint ("CAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On February 22, 2010, we issued an order granting defendants' motion in part and denying it in part. <u>In Re Ambac Fin. Group, Inc. Sec. Litig.</u>, No. 08 Civ. 411 (NRB), 2010 WL 727227 (S.D.N.Y.). The order sustained plaintiffs' fraud claims under the Exchange Act of 1934 and sustained plaintiffs' claims under the Securities Act of 1933 as they related to Ambac's February 2007 securities offering. We also dismissed plaintiffs' Securities Act claims that related to Ambac's March 2008 securities offerings on the grounds that the alleged misstatements in the offering documents were protected by the "bespeaks caution" doctrine.

1

Now pending before the Court is defendants' motion pursuant to 28 U.S.C. § 1292(b) to certify our order for interlocutory appeal. For the reasons set forth below, defendants' motion is denied.

**LEGAL STANDARD**

Under 28 U.S.C. § 1292(b), the party seeking certification must establish that the order appealed from (1) "involves a controlling question of law," (2) as to which there is a "substantial ground for difference of opinion," and (3) "that an immediate appeal would materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This last factor is particularly important. Consub Delaware, LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305, 310 (S.D.N.Y. 2007) (citing Koehler v. Bank of Bermuda, Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation.")).

Interlocutory appeals are strongly disfavored in federal practice. See, e.g., In re Adelphia Communications Corp., Nos. 02-41729 (REG), 07 Civ. 9999 (NRB), 2008 WL 361082, at *1 (S.D.N.Y. Feb. 7, 2008). Movants cannot invoke the appellate process "as a vehicle to provide early review of difficult rulings in hard cases." In re Levine, No. 94-44257, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004) (quoting German v. Federal

Home Loan Mortgage Corp., 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995)). Only "exceptional circumstances" will justify a departure from the basic policy of avoiding appellate review until a final decision on the merits. Williston v. Eggleston, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006) (quoting Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990); accord Ted Lapidus, S.A. v. Vann, 112 F.3d 91, 95 (2d Cir. 1997).

Furthermore, the Second Circuit has held that challenges to the sufficiency of a pleading are not generally the appropriate subjects of interlocutory review unless they present difficult questions of substantive law. In re Manhattan Inv. Fund Ltd., 288 B.R. 52, 56-57 (S.D.N.Y. 2002) (citing Gottesman v. General Motors Corp., 268 F.2d 194, 196 (2d Cir. 1959)).

## DISCUSSION

Our 81-page opinion addressing defendants' motion to dismiss was issued after extensive briefing and oral argument by the parties. We concluded, therein, that plaintiffs had successfully pled scienter with respect to Ambac and each of the individual defendants named in plaintiffs' fraud claim. More specifically, we found sufficient plaintiffs' detailed allegations that the individual defendants (a) knew about and approved Ambac's lowered underwriting standards while publicly touting the company's "cautious" and "conservative" approach to underwriting, and (b) learned of the deterioration of Ambac's

3

insured portfolio of mortgage-related derivatives, while making public statements that Ambac was outperforming the market and would suffer only minimal losses. In re Ambac, 2010 WL 727227, at *17-22.

Defendants seek certification for interlocutory appeal for three legal questions, which we now consider in turn.

### I. Confidential Witnesses and Experts

Plaintiffs' allegations of fraud in this case included statements by confidential witnesses, each of whom was identified in the CAC by their title, role and dates of employment at Ambac. These confidential witnesses described specifically how Ambac had lowered its underwriting standards during the relevant period. On the subject of Ambac's insured portfolio, the CAC contained the findings of confidential experts that purported to value the mortgage-related financial instruments Ambac had insured. The CAC used the experts' findings to illustrate that the derivatives in Ambac's portfolio were deteriorating in line with the relevant market indices at a time when Ambac's officers claimed that the portfolio was outperforming those indices.

Defendants contend on this motion that the Second Circuit should be given the opportunity to address the "weight, if any, [that] should be given to statements by confidential witnesses or conclusions of confidential experts." Memorandum in Support

4

of Defendants' Motion for Certification ("Defs. Mem.") 1. This issue fails to meet the standard for interlocutory appeal under § 1292(b) on multiple, independent grounds.

First, defendants have not shown that there is "substantial ground for difference of opinion" on the weight to be given to statements by confidential witnesses. The Second Circuit's controlling decision in Novak v. Kasaks, 216 F.3d 300 (2d Cir. 2000), permits plaintiffs to rely on confidential sources provided they are "described in the complaint with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." 216 F.3d at 314. Courts in the Southern District routinely apply the rule in Novak, and have continued to do so following the Supreme Court's recent decisions[1] establishing stricter pleading requirements. See, e.g., Cornwell v. Credit Suisse Group, No. 08 Civ. 3758 (VM), 2010 WL 537593, at *6 (S.D.N.Y. Feb. 11, 2010); In re Dynex Capital, Inc. Sec. Litig., No. 05 Civ. 1897 (HB), slip op. at 7, 13 (S.D.N.Y. Oct. 19, 2009); In re NovaGold Resources Inc. Sec. Litig., 629 F. Supp. 2d 272, 298 & n.14 (S.D.N.Y. 2009).[2]  Even the Seventh Circuit's

---

[1] See Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).
[2] We note additionally that nothing in defendants' submission of supplemental authority relevant to this issue -- the full extent of which was a single footnote in a summary order -- places in question the Second Circuit's holding in Novak. See Campo v. Sears Holding Corp., No. 09-3589-cv, 2010 WL

5

decision in Higginbotham v. Baxter Int'l, Inc., 495 F.3d 753, 756-57 (7th Cir. 2007), upon which defendants principally rely, was severely limited when that court decided the Tellabs case on remand from the Supreme Court. Makor v. Tellabs, 513 F.3d 702, 712 (7th Cir. 2008) (holding that, while it would be better to have named sources, "the absence of proper names does not invalidate the drawing of a strong inference from [the confidential witnesses]' assertions"), on remand from, 551 U.S. 308.³

Second, it is clear that the resolution of this issue in defendants' favor would not "materially advance the ultimate termination of the litigation" as required by 28 U.S.C. 1292(b). Rather, such a decision would presumably require plaintiffs to amend their complaint with the names of their sources. See Gottesman, 268 F.2d at 196 (interlocutory appeal not appropriate when "a reversal at most could lead only to a remand for repleading, with possibilities of further interlocutory appeals thereafter").

---

1292329, at *3 n.4 (2d Cir. April 6, 2010) (Summary Order); Defs. Notice of Supplemental Authority, dated April 6, 2010.
³ We also reject defendants' argument that plaintiffs cannot rely on the conclusions of confidential experts to overcome a motion to dismiss because such expert testimony would not survive a Daubert challenge. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). There is no authority for the proposition that a court need perform its Daubert gate-keeping function at the pleadings stage.

## II. Pleading Contradictory Reports To Establish Scienter

We concluded in our February 22 opinion that plaintiffs had pled scienter by alleging that the individual defendants' statements were contradicted by internal reports at Ambac. In re Ambac, 2010 WL 727227, at *17-22. The CAC identified a number of documents from which the individual defendants would have learned of Ambac's allegedly lowered underwriting standards and allegedly deteriorating insured portfolio.

Defendants seek interlocutory review of whether plaintiffs must state "with specificity the information that was actually contained in allegedly contradictory reports that were received by executives in order to create a strong inference of scienter." Defs. Mem. 1. The Second Circuit held in Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc. that "[w]here plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information." 531 F.3d 190, 196-97 (2d Cir. 2008) (quoting Novak, 216 F.3d at 309).

This issue does not present a "controlling question of law" in this case because in multiple instances plaintiffs did plead the actual contents of contradictory reports. 28 U.S.C. 1292(b). Rather, defendants were simply dissatisfied with our legal conclusion that plaintiffs have satisfied the Dynex pleading standard. As described at length in our opinion, the

7

CAC supported a strong inference of scienter because the individual defendants' statements about Ambac's underwriting standards were contradicted by information "actually contained" in Ambac's internal documents. For example, the CAC described a memo to the credit risk committee that detailed a reduction in the required overcollaterization for "HELOC" deals from 3.5% to 0.5%. In re Ambac, 2010 WL 727227, at *20. This allegation, viewed alongside other specific pleadings about the contents of key internal documents, was sufficient to support an inference of scienter.[4] We therefore find that defendants' second question is not one of controlling law.

### III. Material Omission in Ambac's February 2007 Offering

With respect to plaintiffs' Securities Act claims, our February 22 opinion held that plaintiffs had alleged sufficient facts to establish a material omission in the offering documents for Ambac's February 2007 securities offering. The offering documents made reference to Ambac's underwriting procedures, developed "with the intent that" Ambac only insured securities

---

[4] Defendants' present motion focuses on a different set of reports that conveyed the allegedly deteriorating value of Ambac's insured portfolio during the class period. Having noted that these reports are not necessary for our finding of scienter, we also reject defendants' argument that there is substantial ground for difference of opinion over whether the pleadings about those reports satisfy the Dynex standard. In Dynex, the Second Circuit was concerned that plaintiffs' "broad reference to raw data lacks even an allegation that these data had been collected into reports." 531 F.3d at 196. In this case, however, Ambac officers themselves described the "monthly downloads" by which they learned of the insured portfolio's performance, leaving no doubt that the individual defendants had actual knowledge of the documents containing allegedly contradictory information. See In re Ambac, 2010 WL 727227, at *21.

"of investment grade quality with a remote risk of loss."[5] In light of statements such as this, we found that Ambac's nondisclosure of its allegedly lowered underwriting standards satisfied the low burden for materiality applicable on a motion to dismiss. See In Re Ambac, 2010 WL 727227, at *28.

Defendants' final argument, while artfully phrased, is at bottom simply a disagreement with our conclusion as to the materiality of Ambac's alleged omission.[6] The materiality of Ambac's nondisclosure of its allegedly lowered underwriting standards is a mixed question of law and fact, rendering it inappropriate for interlocutory review. See In re Worldcom, Inc., No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (§ 1292(b) appeal requires "a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record'") (quoting Ahrenholz v. Bd. of Trs. of Univ. of Illinois, 219 F.3d 674, 676-77 (7th Cir. 2000)).

## CONCLUSION

For the reasons set forth above, we find that defendants have failed to show that the requirements of 28 U.S.C. § 1292(b) are met. Moreover, defendants have not established any "exceptional circumstances" that would warrant interlocutory

---

[5] Ambac's Form 10-K for the year ended December 31, 2005.
[6] "'A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion.'" In re Citigroup Pension Plan ERISA Litig., No. 05 Civ. 5296 (SAS), 2007 WL 1074912, at *2 (S.D.N.Y. April 4, 2007) (quoting Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas, 426 F. Supp. 2d 125, 129 at *2 (S.D.N.Y. 2005)).

9

review in this case.[7]  See Williston, 410 F. Supp. 2d at 276. Accordingly, defendants' motion to certify our February 22, 2010 order for interlocutory appeal is denied.

**IT IS SO ORDERED.**

Dated:    New York, New York
          April 29, 2010

                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

---

[7] Defendants argue that a § 1292(b) appeal is the only vehicle by which the Second Circuit will be able to address the various legal questions defendants raise. We disagree. While we certainly do not dispute that the questions defendants seek to raise on an interlocutory basis will not be resolved in this case in the absence of our grant of defendants' application, it is not the case that these issues will never be resolved. Issues relating to the sufficiency of pleadings will continue to be resolved by the Circuit in other cases when plaintiffs appeal from the grant of motions to dismiss. The law of securities fraud pleading has been developed in this manner for some time.

10

Copies of the foregoing Memorandum have been mailed on this date to the following:

Counsel for Plaintiffs

Frederic S. Fox, Esq.
Melinda D. Rodon, Esq.
Kaplan, Fox & Kilsheimer LLP
850 Third Avenue, 14th Floor
New York, NY 10022

Steven B. Singer, Esq.
Lauren A. McMillen, Esq.
Bernstein, Litowitz, Berger & Grossman LLP
1285 Avenue of the Americas, 38th Floor
New York, NY 10019

Counsel for Ambac

Peter C. Hein, Esq.
Warren R. Stern, Esq.
Joshua A. Naftalis, Esq.
C. Lee Wilson, Esq.
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019

Counsel for the Underwriters

Charles E. Davidow, Esq.
Brad S. Karp, Esq.
Joyce S. Huang, Esq.
Douglas M. Pravda, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019