UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AMBAC FINANCIAL GROUP, INC. SECURITIES LITIGATION | Civil Action No. 08-00411-NRB<br>ECF Case |

**ANSWER OF THE UNDERWRITER DEFENDANTS TO PLAINTIFFS'**
**CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Tel: (212) 373-3000

*Attorneys for the Underwriter Defendants*

Defendants Citigroup Global Markets Inc. ("Citigroup"), Goldman, Sachs & Co. ("Goldman"), HSBC Securities (USA) Inc. ("HSBC"), J.P. Morgan Securities Inc. ("J.P. Morgan"), Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPF&S"), UBS Securities LLC ("UBS"), and Wachovia Capital Markets, LLC("Wachovia")[1] by their attorneys hereby answer the Consolidated Amended Class Action Complaint ("Complaint"), dated August 22, 2008.  The allegations in the Complaint as to defendants Credit Suisse Securities (USA) LLC ("Credit Suisse"), Banc of America Securities LLC ("Banc of America") and Keefe, Bruyette & Wood, Inc. ("KB&W") relate only to certain March 2008 offerings, as to which the Court has determined that plaintiffs have failed to state an actionable claim, and therefore no answer by Credit Suisse, Banc of America, or KB&W is required.

In collectively responding to the allegations below, the remaining defendants listed above (collectively the "Underwriter Defendants") (i) incorporate into each such response a denial of all allegations in the Amended Complaint (including those outside of the knowledge and information of the Underwriter Defendants) to the extent they assert or suggest that the Offering Documents (as defined below) were false or misleading in any respect, or to the extent they assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which reference is made for a complete and accurate statement of their content, (ii) deny any averments in the headings and subheadings of the Complaint, and (iii) in all events intend to respond only as to allegations directed at each of them individually, and none of them should be deemed to

---

[1]    This action has been stayed as to defendant Lehman Brothers Inc. by operation of Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a).

be responding to allegations that are directed solely to other defendants (including other Underwriter Defendants).

The Underwriter Defendants respond to the specific allegations in the Complaint as follows:

1.    Answering paragraph 1, the Underwriter Defendants deny all allegations in paragraph 1, except admit that plaintiffs Public School Teachers' Pension and Retirement Fund of Chicago ("Chicago Teachers"), the Arkansas Teachers Retirement System ("Arkansas Teachers"), and the Public Employees' Retirement System of Mississippi ("Mississippi PERS") (collectively the "Lead Plaintiffs") and plaintiff Painting Industry Insurance and Annuity Funds purport to bring this lawsuit as a securities class action as described therein.

2.    Answering paragraph 2, to the extent that paragraph 2 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations except admit that plaintiffs purport to base jurisdiction over the subject matter of this action on the statutes cited therein.

3.    Answering paragraph 3, to the extent that paragraph 3 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations except admit that plaintiffs purport to base venue on the statutes cited therein.

4.    Answering paragraph 4, to the extent that paragraph 4 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations except admit and aver that interstate commerce was used in connection with the offering at issue.

5-350.    As to paragraphs 5 through and inclusive of paragraph 350, the Underwriter Defendants respond that these allegations do not relate to the Underwriter Defendants and therefore no response is required.  As plaintiffs repeatedly aver, the allegations in these paragraphs relate only to the plaintiffs' allegations against the non-underwriter defendants, the allegations against the Underwriter Defendants "do not incorporate any of the allegations contained in paragraphs 5-350" of their complaint (Compl. ¶ 354), and paragraphs 5-350 are "in effect a separate complaint" (Compl. ¶ 351) to which the Underwriter Defendants need not respond.  To the extent a response is required, the Underwriter Defendants deny the allegations therein to the extent they assert or suggest any wrongdoing or liability on the part of the Underwriter Defendants, or that the Offering Documents were deficient in any respect.

351.    Answering paragraph 351, the Underwriter Defendants deny all allegations in paragraph 351, except admit that plaintiffs purport to bring claims under Sections 11, 12, and 15 of the Securities Act of 1933 (the "Securities Act") as described therein.

352.    Answering paragraph 352, the Underwriter Defendants deny all allegations in paragraph 352, except admit that plaintiffs purport to bring claims related to three Ambac securities offerings completed between October 2006 and April 2008, as identified in plaintiffs' Complaint.

353.    Answering paragraph 353, the Underwriter Defendants deny all allegations in paragraph 353, except admit that plaintiffs purport to bring claims on behalf of the persons described therein, and refer the Court to the relevant documents, which speak for themselves.

354.   Answering paragraph 354, the Underwriter Defendants deny all allegations in paragraph 354, except admit that plaintiffs recite their statement therein regarding incorporation.

355.   Answering paragraph 355, the Underwriter Defendants admit the allegation and refer the Court to the February 6, 2007 post-effective amendment, which speaks for itself.

356.   Answering paragraph 356, the Underwriter Defendants deny that the allegations present a fair and complete description of the February 7, 2007 DISCS offering and refer the Court to the relevant documents relating to the offering which speak for themselves.

357.   Answering paragraph 357, the Underwriter Defendants deny the allegations thereof.

358-365.   As to paragraphs 358 through and inclusive of 365, these paragraphs relate to plaintiffs' claims regarding the March 2008 offerings.  The Court has determined that plaintiffs have failed to state an actionable claim as to these allegations, and therefore no response is required.

366.   Answering paragraph 366, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except admit on information and belief that Arkansas Teachers is a plaintiff in this action and was on May 9, 2008 designated a lead plaintiff in this action.

367.   Answering paragraph 367, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except

admit on information and belief that Mississippi PERS is a plaintiff in this action and was on May 9, 2008 designated a lead plaintiff in this action.

368.    Answering paragraph 368, the Underwriter Defendants deny the allegations thereof, except admit on information and belief that Painting Funds is a plaintiff in this action.

369.    Paragraph 369 contains no factual allegation requiring a response.

370.    Answering paragraph 370, the Underwriter Defendants deny that the allegations thereof present a fair and accurate description of Ambac and refer the Court to the prospectus for the February 2007 DISCS Offering, including materials incorporated by reference (the "Offering Documents"), for a complete description of Ambac, its subsidiaries, and issuances at the time of the offering.  To the extent the paragraph includes allegations about the March 2008 offerings, the Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

371.    Answering paragraph 371, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except refer the Court to the Offering Documents and to Ambac's public filings for a description of Robert J. Genader, his employment history and his responsibility for Ambac's filings. To the extent paragraph 371 purports to describe the DISCS Registration Statement/Prospectus, the Underwriter Defendants refer the Court to the relevant document, which speaks for itself.

372.    Answering paragraph 372, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except refer the Court to the Offering Documents and to Ambac's public filings for a description

of Sean T. Leonard, his employment history and his responsibility for Ambac's filings. To the extent paragraph 372 purports to describe certain documents, the Underwriter Defendants refer the Court to the relevant documents, which speak for themselves. To the extent the paragraph includes allegations about the March 2008 offerings, the Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

373.    Answering paragraph 373, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except refer the Court to the Offering Documents and to Ambac's public filings for a description of Michael A. Callen, his employment history and his responsibility for Ambac's filings. To the extent paragraph 373 purports to describe certain documents, the Underwriter Defendants refer the Court to the relevant documents, which speak for themselves. To the extent the paragraph includes allegations about the March 2008 offerings, the Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

374.    Answering paragraph 374, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except refer the Court to the Offering Documents and to Ambac's public filings for a description of Philip B. Lassiter, his employment history and his responsibility for Ambac's filings. To the extent paragraph 374 purports to describe certain documents, the Underwriter Defendants refer the Court to the relevant documents, which speak for themselves.

375.    Answering paragraph 375, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except

refer the Court to the Offering Documents and to Ambac's public filings for a description of Jill M. Considine, her employment history and her responsibility for Ambac's filings. To the extent paragraph 375 purports to describe certain documents, the Underwriter Defendants refer the Court to the relevant documents, which speak for themselves. To the extent the paragraph includes allegations about the March 2008 offerings, the Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

376.    Answering paragraph 376, the Underwriter defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except refer the Court to the Offering Documents and to Ambac's public filings for a description of W. Grant Gregory, his employment history and his responsibility for Ambac's filings. To the extent paragraph 376 purports to describe certain documents, the Underwriter Defendants refer the Court to the relevant documents, which speak for themselves.

377.    Answering paragraph 377, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except refer the Court to the Offering Documents and to Ambac's public filings for a description of Thomas C. Theobald, his employment history and his responsibility for Ambac's filings. To the extent paragraph 377 purports to describe certain documents, the Underwriter Defendants refer the Court to the relevant documents, which speak for themselves. To the extent the paragraph includes allegations about the March 2008 offerings, the Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

7

378.    Answering paragraph 378, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except refer the Court to the Offering Documents and to Ambac's public filings for a description of Laura S. Unger, her employment history and her responsibility for Ambac's filings. To the extent paragraph 378 purports to describe certain documents, the Underwriter Defendants refer the Court to the relevant documents, which speak for themselves.  To the extent the paragraph includes allegations about the March 2008 offerings, the Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

379.    Answering paragraph 379, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except refer the Court to the Offering Documents and to Ambac's public filings for a description of Henry Wallace, his employment history and his responsibility for Ambac's filings. To the extent paragraph 379 purports to describe certain documents, the Underwriter Defendants refer the Court to the relevant documents, which speak for themselves.  To the extent the paragraph includes allegations about the March 2008 offerings, the Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

380.    Answering paragraph 380, the Underwriter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, except refer the Court to the Offering Documents and to Ambac's public filings for a description of Philip N. Duff, his employment history and his responsibility for Ambac's filings. To the extent paragraph 380 purports to describe certain documents, the Underwriter

Defendants refer the Court to the relevant documents, which speak for themselves. To the extent the paragraph includes allegations about the March 2008 offerings, the Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

381.    Answering paragraph 381, the Underwriter Defendants deny the allegations, except admit that Defendant Citigroup was an underwriter for the February 2007 DISCS Offering, and respectfully refer the Court to the offering documents relating to the February 2007 DISCS offering for a description of the underwriting arrangements related thereto. To the extent the paragraph includes allegations about the March 2008 offerings, the Court dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

382.    Answering paragraph 382, the Underwriter Defendants deny the allegations, except admit that Defendant UBS was an underwriter for the February 2007 DISCS Offering, and respectfully refer the Court to the offering documents relating to the February 2007 DISCS offering for a description of the underwriting arrangements related thereto. To the extent the paragraph includes allegations about the March 2008 offerings, the Court dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

383.    Answering paragraph 383, the Underwriter Defendants deny the allegations, except admit that Defendant Goldman was an underwriter for the February 2007 DISCS Offering, and respectfully refer the Court to the offering documents relating to the February 2007 DISCS offering for a description of the underwriting arrangements related thereto.

384.    Answering paragraph 384, the Underwriter Defendants deny the allegations, except admit that Defendant J.P. Morgan was an underwriter for the February 2007 DISCS Offering, and respectfully refer the Court to the offering documents relating to the February 2007 DISCS offering for a description of the underwriting arrangements related thereto.

385.    Answering paragraph 385, the Underwriter Defendants deny the allegations, except admit that Defendant HSBC was an underwriter for the February 2007 DISCS Offering, and respectfully refer the Court to the offering documents relating to the February 2007 DISCS offering for a description of the underwriting arrangements related thereto.

386.    Answering paragraph 386, the Underwriter Defendants deny the allegations, except admit that Defendant Lehman was an underwriter for the February 2007 DISCS Offering, and respectfully refer the Court to the offering documents relating to the February 2007 DISCS offering for a description of the underwriting arrangements related thereto.

387.    Answering paragraph 387, the Underwriter Defendants deny the allegations, except admit that Defendant MLPF&S was an underwriter for the February 2007 DISCS Offering, and respectfully refer the Court to the offering documents relating to the February 2007 DISCS offering for a description of the underwriting arrangements related thereto.

388.    Answering paragraph 388, the Underwriter Defendants deny the allegations, except admit that Defendant Wachovia was an underwriter for the February 2007 DISCS Offering, and respectfully refer the Court to the offering documents relating

to the February 2007 DISCS offering for a description of the underwriting arrangements related thereto

389.    As to paragraph 389, this paragraph relates to plaintiffs' allegations regarding the March 2008 offerings.  The Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

390.    As to paragraph 390, this paragraph relates to plaintiffs' allegations regarding the March 2008 offerings.  The Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

391.    As to paragraph 391, this paragraph relates to plaintiffs' allegations regarding the March 2008 offerings.  The Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

392.    As to paragraph 392, this paragraph relates to plaintiffs' allegations regarding the March 2008 offerings.  The Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

393.    Answering paragraph 393, the Underwriting Defendants admit that plaintiffs refer to Citigroup, Goldman, J.P. Morgan, HSBC, Lehman, MLPF&S, UBS, Wachovia, Credit Suisse, Banc of America and KB&W as the "Underwriter Defendants." The allegations in the Complaint as to defendants Credit Suisse, Banc of America and KB&W relate only to certain March 2008 offerings, as to which the Court has determined that plaintiffs have failed to state an actionable claim, and therefore no answer by Credit Suisse, Banc of America or KB&W is required.  For the purposes of this Answer, "Underwriter Defendants" shall refer only to the underwriters remaining in the action.

Except as expressly admitted, the Underwriting Defendants deny all allegations in paragraph 393.

394.    Answering paragraph 394, to the extent that paragraph 394 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations except admit that plaintiffs purport to base jurisdiction over the subject matter of this action on the statutes cited therein.

395.    Answering paragraph 395, to the extent that paragraph 395 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations, except admit that plaintiffs purport to base jurisdiction over the subject matter of this action on the statutes cited therein.

396.    Answering paragraph 396, to the extent that paragraph 396 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations.

397.    Answering paragraph 397, to the extent that paragraph 397 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations, except admit and aver that interstate commerce was used in connection with the offering at issue.

398.    Answering paragraph 398, to the extent that paragraph 398 states a legal conclusion no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations thereof, except admit and aver that the Offering Documents incorporated various Ambac public filings and refer the Court to the relevant documents which speak for themselves.

399.    Answering paragraph 399, the Underwriter Defendants deny that the allegations present a fair and complete description of the documents cited therein, and refer the Court to the relevant documents which speak for themselves.

400.    Answering paragraph 400, to the extent that paragraph 400 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations.

401.    Answering paragraph 401, the Underwriter Defendants deny that the allegations present a fair and complete description of the documents cited therein, and refer the Court to the relevant documents which speak for themselves.

402.    Answering paragraph 402, the Underwriter Defendants deny that the allegations present a fair and complete description of the document cited therein, and refer the Court to the relevant document which speaks for itself.

403.    Answering paragraph 403, the Underwriter Defendants deny that the allegations present a fair and complete description of the document cited therein, and refer the Court to the relevant document which speaks for itself.

404.    Answering paragraph 404, the Underwriter Defendants deny that the allegations present a fair and complete description of the document cited therein, and refer the Court to the relevant document which speaks for itself.

405.    Answering paragraph 405, to the extent that paragraph 405 states a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations.

406.    Answering paragraph 406, the Underwriter Defendants deny that the allegations present a fair and complete description of the documents cited therein, and refer the Court to the relevant documents which speak for themselves.

407.    Answering paragraph 407, the Underwriter Defendants deny that the allegations present a fair and complete description of the document cited therein, and refer the Court to the relevant document which speaks for itself.

408.    Answering paragraph 408, to the extent that paragraph 408 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations.

409-466.    As to paragraphs 409 through and inclusive of 466, these paragraphs relate to plaintiffs' allegations regarding the March 2008 offerings. The Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

467.    Answering paragraph 467, the Underwriter Defendants incorporate by reference their responses to paragraphs 351-466 as if fully set forth herein. To the extent a further response is required, the Underwriter Defendants deny the allegations, except admit that plaintiffs recite their disclaimers and statements therein.

468.    Answering paragraph 468, the Underwriter Defendants deny all allegations in paragraph 468, except admit that plaintiffs purport to bring a claim pursuant to Section 11 of the Securities Act as described therein.

469.    Answering paragraph 469, to the extent that paragraph 469 states a legal conclusion no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations.

470.    Answering paragraph 470, to the extent the paragraph involves a defendant other than the Underwriter Defendants, the Underwriter Defendants deny sufficient knowledge or information as to the truth or falsity of the allegations.    To the extent that paragraph 470 states a legal conclusion, no responsive pleading is required. To the extent the paragraph describes the DISCS Registration Statement/Prospectus, the Underwriter Defendants refer the Court to the relevant document, which speaks for itself. To the extent a further response is required, the Underwriter Defendants deny the allegations therein to the extent they assert or suggest any wrongdoing or liability on the part of the Underwriter Defendants or that the Offering Documents were deficient in any respect.

471.    Answering paragraph 471, the Underwriter Defendants deny knowledge or information as to the truth or falsity of the allegations.    To the extent the paragraph describes the DISCS Registration Statement/Prospectus, the Underwriter Defendants refer the Court to the relevant document, which speaks for itself.

472.    Answering paragraph 472, the Underwriter Defendants admit that that they were underwriters with respect to the DISCS offering, and refer the Court to the underwriting related documentation for a complete and accurate description of the underwriting arrangements.

473.    Answering paragraph 473, the Underwriter Defendants deny sufficient knowledge or information as to the truth or falsity of the allegations.

474.    Answering paragraph 474, to the extent the paragraph states a legal conclusion, no response is required.    To the extent a response is required, the Underwriter Defendants deny the allegations.

475.    Answering paragraph 475, to the extent the paragraph states a legal conclusion, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations.

476.    Answering paragraph 476, to the extent the paragraph states a legal conclusion, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations.

477.    Answering paragraph 477, the Underwriter Defendants incorporate by reference their responses to paragraphs 351-476 as if fully set forth herein. To the extent a further response is required, the Underwriter Defendants deny the allegations, except admit that plaintiffs recite their disclaimers and statements therein.

478.    Answering paragraph 478, the Underwriter Defendants deny all allegations in paragraph 478, except admit that plaintiffs purport to bring a claim pursuant to Section 12(a)(2) of the Securities Act as described therein.

479.    Answering paragraph 479, to the extent that paragraph 479 states a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations.

480.    Answering paragraph 480, the Underwriter Defendants deny that the allegations thereof fairly describe the underwriters' role and refer the Court to the relevant Offering Documents for a description of the underwriting arrangements relating thereto.

481.    Answering paragraph 481, to the extent the paragraph states a legal conclusion, no response is required. To the extent a response is required, the Underwriter Defendants deny the allegations.

482.    Answering paragraph 482, to the extent the paragraph states a legal conclusion, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations.

483.    Answering paragraph 483, to the extent the paragraph states a legal conclusion, no response is required.  To the extent a response is required, the Underwriter Defendants deny the allegations.

484-502.   As to paragraphs 484 through and inclusive of paragraph 502, these paragraphs relate to plaintiffs' allegations regarding the March 2008 offerings.   The Court has dismissed plaintiffs' claims relating to those offerings and therefore no response is required.

503-510.   Answering paragraphs 503 through and inclusive of paragraph 510, to the extent these paragraphs involve defendants other than the Underwriter Defendants, no response is required.

511.    Answering paragraph 511, the Underwriter Defendants admit that Lead Plaintiffs purport to bring a class action as described therein.    To the extent that paragraph 511 states a legal conclusion no response is required.  To the extent the paragraph involves allegations against other defendants or allegations pertaining to claims that the Court has already dismissed, no response is required.   The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations contained in paragraph 511.

512.    Answering paragraph 512, to the extent that paragraph 512 states a legal conclusion no response is required.   To the extent the paragraph involves allegations against other defendants or allegations pertaining to claims that the Court has already

dismissed, no response is required. The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations contained in paragraph 512.

513. Answering paragraph 513, to the extent that paragraph 513 states a legal conclusion no response is required. To the extent the paragraph involves allegations against other defendants or allegations pertaining to claims that the Court has already dismissed, no response is required. The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations contained in paragraph 513.

514. Answering paragraph 514, to the extent that paragraph 514 states a legal conclusion no response is required. To the extent the paragraph involves allegations against other defendants or allegations pertaining to claims that the Court has already dismissed, no response is required. The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations contained in paragraph 514.

515. Answering paragraph 515, to the extent that paragraph 515 states a legal conclusion no response is required. To the extent the paragraph involves allegations against other defendants or allegations pertaining to claims that the Court has already dismissed, no response is required. The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations contained in paragraph 515.

516. Answering paragraph 516, to the extent that paragraph 516 states a legal conclusion no response is required. To the extent the paragraph involves allegations

against other defendants or allegations pertaining to claims that the Court has already dismissed, no response is required. The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations contained in paragraph 516.

517.    Answering paragraph 517, to the extent that paragraph 517 states a legal conclusion no response is required. To the extent the paragraph involves allegations against other defendants or allegations pertaining to claims that the Court has already dismissed, no response is required. The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations contained in paragraph 517.

\*   \*   \*

Answering plaintiffs' prayer for relief, the Underwriter Defendants deny that plaintiffs are entitled to relief against the Underwriter Defendants.

\*   \*   \*

Answering plaintiffs' demand for a jury trial, the Underwriter Defendants deny the allegations of plaintiffs' demand for a jury trial, except admit that plaintiffs demand a jury trial.

## ADDITIONAL DEFENSES

By way of further defenses, the Underwriter Defendants assert the following, which apply to each and every cause of action asserted in the Complaint against the Underwriter Defendants unless otherwise stated. By virtue of alleging these further defenses, the Underwriter Defendants do not assume any burden of proof, persuasion or production not otherwise legally assigned to them.

## FIRST ADDITIONAL DEFENSE

1.  The claims asserted against the Underwriter Defendants under Sections 11 or 12(a)(2) of the Securities Act fail to allege facts sufficient to state a claim upon which relief may be granted.

## SECOND ADDITIONAL DEFENSE

2.  Plaintiffs lack standing to sue under the Securities Act, or to assert the Section 11 and 12(a)(2) claims against any of the Underwriter Defendants.

## THIRD ADDITIONAL DEFENSE

3.  The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants under the Securities Act, because the Offering Documents did not contain any untrue statement of material fact, nor did they omit to state any material fact required to be stated or necessary to make the statements made not misleading.

## FOURTH ADDITIONAL DEFENSE

4.  The Underwriter Defendants are not liable to Plaintiffs or the putative class because they did not make any false or misleading statements of material fact or omission of material fact in the Offering Documents, because the Offering Documents bespoke caution about the risks of investing in the Company, and because the Underwriter Defendants are not responsible in law or fact for any alleged false or misleading statement or omission of material fact by others, or for any statements not contained in the Offering Documents.

## FIFTH ADDITIONAL DEFENSE

5.  The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs' and the putative class's Securities Act claims against the

Underwriter Defendants are barred by the applicable statutes of limitation.  Without limiting the foregoing, the Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class had either actual or inquiry notice of their alleged claims more than one year before first bringing the claims asserted in the Complaint, and that Plaintiffs and the putative class could have but failed to conduct any reasonable inquiry as to the existence of such claims. Plaintiffs and the putative class were required, but failed, to allege facts concerning the nature and scope of their inquiry, if any, more than one year prior to asserting the causes of action alleged in the Complaint.

## SIXTH ADDITIONAL DEFENSE

6.  Plaintiffs and the putative class are not entitled to any recovery under the Securities Act from the Underwriter Defendants because, at all relevant times, the Underwriter Defendants conducted a reasonable investigation and had reasonable ground to believe and did believe, at the time the registration statements for the February 2007 DISCS Offering became effective, that the statements therein were true and that there was no omitted material fact required to be stated therein or necessary to make the statements therein not misleading.

## SEVENTH ADDITIONAL DEFENSE

7.  Plaintiffs and the putative class members are not entitled to any recovery from the Underwriter Defendants because, with respect to portions of the registration statements purporting to be made on the authority of experts (other than the Underwriter Defendants), they had no reasonable ground to believe and did not believe, at the time such part of the registration statement became effective, that the statements therein were untrue or that there was an omission to state a material fact required to be stated therein

21

or necessary to make the statements therein not misleading, or that such part of the registration statement did not fairly represent the statement of the expert.

## EIGHTH ADDITIONAL DEFENSE

8.  The Underwriter Defendants are informed and believe, and on that basis allege, that any damages or injuries suffered by Plaintiffs or the putative class, if any, were not legally caused by any act or omission on the part of the Underwriter Defendants.

## NINTH ADDITIONAL DEFENSE

9.  The Underwriter Defendants are informed and believe, and on that basis allege, that any loss or diminution in value of the February 2007 DISCS, or any alleged damages or injuries suffered by Plaintiffs or the putative class, are not the result of any alleged misrepresentations or omissions in the Offering Documents, and are the result of an intervening or independent cause and unrelated to any act or omission on the part of the Underwriter Defendants.

## TENTH ADDITIONAL DEFENSE

10. The Underwriter Defendants are informed and believe, and on that basis allege, that any damages or injuries suffered by Plaintiffs or the putative class are the proximate result, either in whole or in part, of actions or omissions of persons or entities other than the Underwriter Defendants.

## ELEVENTH ADDITIONAL DEFENSE

11. The Underwriter Defendants are informed and believe, and on that basis allege, that, if and to the extent the Offering Documents and materials incorporated therein are determined to have contained false or misleading statements (which the Underwriter Defendants deny), Plaintiffs and the putative class either knew or should have known about the matters alleged in the Complaint, and their own negligence or

other fault proximately contributed to the injuries allegedly suffered by Plaintiffs and the putative class from the purchase and sale of the February 2007 DISCS, and bars any recovery to the extent thereof.

**TWELFTH ADDITIONAL DEFENSE**

12. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because they did not reasonably rely on any alleged untrue or misleading statement of material fact when purchasing the February 2007 DISCS.

**THIRTEENTH ADDITIONAL DEFENSE**

13.    The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants under the Securities Act because the damages alleged represent something other than the depreciation in value of the February 2007 DISCS resulting from such part of the registration statement or prospectus, with respect to which liability is asserted, not being true or omitting to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

**FOURTEENTH ADDITIONAL DEFENSE**

14.    The Underwriter Defendants are not liable under Section 12(a)(2) of the Securities Act because none of them knew, and in the exercise of reasonable care could have known, that the prospectus disclosures contained in the Offering Documents contained any untrue statement of material fact, or omitted to state a material fact necessary in order to make the statements not misleading.

## FIFTEENTH ADDITIONAL DEFENSE

15.     The Underwriter Defendants are informed and believe, and on that basis allege, that, if and to the extent the Offering Documents and materials incorporated therein are found to have contained false or misleading statements (which the Underwriter Defendants deny), the actual facts which Plaintiffs and the putative class allege to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources.   The Underwriter Defendants are further informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants under the Securities Act because the substance of the allegedly material information that Plaintiffs and the putative class allege to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in Ambac's own public filings and announcements, in the Offering Documents, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## SIXTEENTH ADDITIONAL DEFENSE

16.     The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class would have purchased Ambac securities even with full knowledge of the facts that they now allege were misrepresented or omitted.

## SEVENTEENTH ADDITIONAL DEFENSE

17. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because Plaintiffs and the putative class purchased the February

2007 DISCS with actual or constructive knowledge of the risks involved in an investment in Ambac securities, and thus assumed the risk that the value of the DISCS would decline if such risks materialized.

### EIGHTEENTH ADDITIONAL DEFENSE

18. The Underwriter Defendants are informed and believe, and on that basis allege, that the named plaintiffs do not meet the adequacy or typicality requirements of Rule 23.

### NINETEENTH ADDITIONAL DEFENSE

19. The Underwriter Defendants are informed and believe, and on that basis allege, that the putative class period for the Securities Act claims is overbroad and, therefore, many of the putative class members are not entitled to any recovery.

### TWENTIETH ADDITIONAL DEFENSE

20. Plaintiffs and the putative class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint. The Underwriter Defendants are informed and believe, and on that basis allege, that Plaintiffs and the putative class failed to comply with that duty and are therefore barred from recovering any damages which might reasonably have been avoided.

### TWENTY-FIRST ADDITIONAL DEFENSE

21. The Underwriter Defendants are informed and believe, and on that basis allege, that the facts that the Complaint alleges were misrepresented or omitted were forward-looking and are rendered inactionable by the safe harbor set forth in Section 27A of the Securities Act, and under the "bespeaks caution" doctrine.

## TWENTY-SECOND ADDITIONAL DEFENSE

22. The Underwriter Defendants are informed and believe, and on that basis allege, that none of the Underwriter Defendants is liable under Section 11 of the Securities Act for damages in excess of the total price at which the February 2007 DISCS underwritten and distributed by such underwriter to the public were offered to the public.

## TWENTY-THIRD ADDITIONAL DEFENSE

23. Plaintiffs' and the putative class's claims are barred, in whole or in part, because at all relevant times, the Underwriter Defendants relied in good faith on the representations, reports, expert opinions, and advice of others.

## TWENTY-FOURTH ADDITIONAL DEFENSE

24. The claims of Plaintiffs claims and the putative class are barred, in whole or in part, because the Underwriter Defendants neither owed nor breached any duty to Plaintiffs or the putative class to disclose information allegedly omitted in the Offering Documents, and had no duty to verify, opine upon, audit, review or correct such information disclosed in the Offering Documents.

## TWENTY-FIFTH ADDITIONAL DEFENSE

25. The Underwriter Defendants are entitled to recover contribution from others for any liability they or any of them incur as a result of any of the alleged misrepresentations, omissions, and conduct alleged in the Securities Act claims against the Underwriter Defendants.

## TWENTY-SIXTH ADDITIONAL DEFENSE

26. To the extent that Plaintiffs and the putative class purchased February 2007 DISCS in the secondary market that are not traceable to the registration statements for the DISCS, they are not entitled to any recovery from the Underwriter Defendants.

## TWENTY-SEVENTH ADDITIONAL DEFENSE

27. Plaintiffs and the putative class are not entitled to any recovery from the Underwriter Defendants because the allegedly untrue statements of material fact, and/or omissions of material fact, in the Offering Documents were not material to the investment decisions of a reasonable investor.

## TWENTY-EIGHTH ADDITIONAL DEFENSE

28. The Underwriter Defendants hereby adopt and incorporate by reference any act and all other defenses asserted or to be asserted by any of the other defendants to the extent that the Underwriter Defendants may share in such a defense.

## TWENTY-NINTH ADDITIONAL DEFENSE

29.    The Underwriter Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation.


Dated:  New York, New York
        May 7, 2010

                            Respectfully submitted,

                            PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

                              By:    /s/  Charles E. Davidow
                                   Brad S. Karp
                                   Charles E. Davidow
                                   Joyce S. Huang

                            1285 Avenue of the Americas
                            New York, New York 10019-6064
                            Tel:  (212) 373-3000
                            Fax:  (212) 757-3990
                            E-mail: cdavidow@paulweiss.com

                            *Attorneys for the Underwriter Defendants*