USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE AMBAC FINANCIAL GROUP, INC.
SECURITIES LITIGATION:

Case No. 08-cv-00411-NRB

------------------------------------------------------------x

STANLEY TOLIN and EDWARD WALTON,

Individually and On Behalf of All Others

Case No. 08-cv-11241-CM

Similarly Situated,

Plaintiffs,

v.

AMBAC FINANCIAL GROUP, INC., ROBERT

J. GENADER and SEAN T. LEONARD,

Defendants.

------------------------------------------------------------X

A MEN DED

[~~PROPOSED~~] ORDER PRELIMINARILY APPROVING
PROPOSED SETTLEMENTS

WHEREAS, a consolidated class action is pending in this Court entitled *In re Ambac Financial Group, Inc. Securities Litigation*, No. 08 Civ. 00411 (NRB) (S.D.N.Y.) (the "Action");

WHEREAS, a class action is pending in this Court entitled *Tolin v. Ambac Financial Group, Inc.*, No. 08 Civ. 11241 (CM) (S.D.N.Y.) (the "Tolin Action"); and

WHEREAS, the Lead Plaintiffs, the Public School Teachers' Pension & Retirement Fund of Chicago, Arkansas Teacher Retirement System, and Public

Employees' Retirement System of Mississippi; and Plaintiff Painting Industry Insurance and Annuity Funds, on behalf of themselves and the members of the Underwriter Class (as hereinafter defined), and Citigroup Global Markets, Inc., UBS Securities LLC, Goldman, Sachs & Co., J.P. Morgan Securities Inc., HSBC Securities (USA) Inc., Merrill Lynch, Pierce, Fenner, & Smith Incorporated, and Wachovia Capital Markets, LLC, now known as Wells Fargo Securities, LLC (collectively, the "Underwriter Defendants") have determined to settle all claims asserted against the Underwriter Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation of Settlement between Lead Plaintiffs and the Underwriter Defendants dated as of May 4, 2011 (the "Underwriter Stipulation"), subject to the approval of this Court (the "Underwriter Settlement");

WHEREAS the Lead Plaintiffs, Plaintiff Painting Industry Insurance and Annuity Funds, Stanley Tolin and Edward Walton (collectively "Plaintiffs'), on behalf of themselves and the members of the Class (as hereinafter defined), and Ambac Financial Group, Inc. ("Ambac" or the "Company"), and the Individual Defendants have determined to settle all claims asserted against Ambac and the Individual Defendants in this Action and the Tolin Action with prejudice on the terms and conditions set forth in the Stipulation of Settlement between Plaintiffs and Ambac and the Individual Defendants dated as of May 4, 2011 (the "Ambac Stipulation"; with the Underwriter Stipulation, the "Stipulations"), subject to the approval of this Court (the "Ambac Settlement"; with the Underwriter Settlement, the "Settlements"); and

WHEREAS, the Settling Parties[1] have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlements in accordance with the Stipulations, preliminarily certifying a Class for purposes of the Settlements and providing for notice to the Class Members as more fully described herein; and

WHEREAS, the Court has read and considered (a) the Consolidated Amended Class Action Complaint, filed in this Action on August 25, 2008; (b) the Amended Class Action Complaint, filed in the Tolin Action on January 20, 2009; (c) Lead Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in support thereof; and (d) the Stipulations and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulations;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Class Certification for Settlement Purposes** - Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of the Stipulation and effectuating the proposed Settlements, a Class consisting of all persons who purchased or otherwise acquired any Ambac securities, including Ambac equity or debt securities or options thereon, or any Structured Repackaged Asset-Backed Trust Securities, Callable Class A Certificates, Series 2007-1, STRATS(SM) Trust for Ambac Financial Group, Inc. Securities, Series 2007-1 ("STRATS") (collectively "Ambac Securities") in the period from October 19, 2005,

---

[1] For purposes of this Order Preliminarily Approving Proposed Settlements, as used herein the term "Settling Parties" means Plaintiffs, the Underwriter Defendants, Ambac, and the Individual Defendants.

3

through and including July 18, 2009. The "Underwriter Class" (as defined below) is included in the Class; unless otherwise indicated herein, "Class" refers to both the Class and the Underwriter Class. "Underwriter Class" means all persons or entities who purchased or acquired Ambac securities in or traceable to the February 2007 Directly-Issued Subordinated Capital Securities offering. Excluded from the Class are: (a) Ambac; (b) the Defendants; (c) members of the immediate families of any defendant; and (d) the legal representatives, heirs, successors, or assigns of any of the foregoing excluded persons or entities. Also excluded from the Class are any persons who exclude themselves by filing a timely and valid request for exclusion in accordance with the requirements set forth in the Notice. If a proposed Settlement is terminated for any reason or final approval is not granted by the Court, this preliminary certification of the Action as a class action shall be automatically vacated as to the Settlement that was terminated, in accordance with the terms of the respective stipulation.

2. **Class Findings** - Solely for purposes of the proposed Settlements (and without any adjudication on the merits), the Court preliminarily finds that each element required for certification of the Class and Underwriter Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Class; (d) Plaintiffs and their counsel, Bernstein Litowitz Berger & Grossmann LLP and Kaplan Fox & Kilsheimer LLP have fairly and adequately represented and protected the interests

4

of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.  **Preliminary Approval of Settlements** - The Court hereby preliminarily approves the Settlements, as embodied in the Stipulations, as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Settlement Hearing to be conducted as described below.

4.  **Settlement Hearing** - The Court will hold a settlement hearing (the "Settlement Hearing") on _September 28_, 2011 at _10_ : _00_ a.m. in Courtroom _21A_ of the United States District Court for the Southern District of New York, United States Courthouse, 500 Pearl Street, New York, NY, 10007, for the following purposes: (a) to determine whether the proposed Settlements on the terms and conditions provided for in the Stipulations are fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court; (b) to determine whether the Class should be finally certified for purposes of the Settlements; (c) to determine whether Judgments substantially in the forms attached as Exhibit B to the Stipulations should be entered; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlements. Notice of the Settlements and the Settlement Hearing shall be given to Class Members as set forth in Paragraph 6 of this Order.

5.  The Court may reschedule the Settlement Hearing or modify the proposed Settlements on such terms as the parties may agree without further notice to the Class.

6.  **Retention of Claims Administrator and Manner of Notice** - Lead Counsel are hereby authorized to retain Rust Consulting, Inc. (the "Claims Administrator") to supervise and administer the notice procedure as well as the

processing of claims as more fully set forth below. Lead Counsel may pay from the Settlement Funds the amounts incurred for Taxes and Notice and Administration Costs as set forth in the Stipulations. Notice of the Settlements and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) not later than ten (10) days after entry of the Bankruptcy Court Approval Order as defined in the Ambac Stipulation, (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim substantially in the forms attached hereto as Exhibits 1 and 2, respectively, to be mailed by first-class mail to all Class Members who can be identified with reasonable effort;

(b) not later than ten (10) business days after the Notice Date (the "Publication Notice Date"), the Claims Administrator shall cause the Summary Notice, substantially in form attached hereto as Exhibit 3, to be published once in the national edition of Investors' Business Daily; and

(c) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

7. **Approval of Form and Content of Notice** - The Court (a) approves, as to form and content, the Notice, the Proof of Claim, and the Publication Notice, attached hereto as Exhibits 1, 2 and 3, respectively, and (b) finds that the mailing and distribution of the Notice and the publication of the Publication Notice in the manner and form set forth in Paragraph 6 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Actions, of the effect

of the proposed Settlements (including the releases contained therein) and of their rights to object to the proposed Settlements, exclude themselves from the Class and appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlements; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Publication Notice before they are mailed and published, respectively.

8.   If it has not already done so, within five (5) business days of entry of this Order, Ambac shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, Plaintiffs or the Claims Administrator) its security holder lists (consisting of security holder names and addresses), in electronic form.

9.   **Nominee Procedures** - Brokers and other nominees who purchased or acquired Ambac securities during the Class Period for the benefit of another person or entity shall be requested to forward the Notice and Proof of Claim to all such beneficial owners within fourteen (14) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) calendar days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator

with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Funds.[2]

10.     **Participation in Settlements** - Class Members who wish to participate in the Settlements and receive a distribution from the proceeds of the Settlements maintained in the Settlement Funds must complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at their discretion, accept for processing late claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Proof of Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its claim and the subject matter of the Settlements.

11.     Any Class Member that does not timely and validly submit a Proof of Claim or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall forever be barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulations and the Settlements and all proceedings, determinations, orders and judgments in the Actions relating thereto, including, without limitation, the Judgments and the releases provided for therein, whether favorable or unfavorable to the

---

[2] For purposes of this Order Preliminarily Approving Proposed Settlements, as used herein the term "Settlement Funds" means the Settlement Fund created in the Ambac Settlement and the Settlement Fund created in the Underwriter Settlement; "Net Settlement Fund" refers to the Settlement Funds less fees, expenses, and taxes as approved by the Court.

8

Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Settled Claims against each and all of the Released Parties as set forth in the Notice.[3]

12. **Exclusion From the Class** - Any member of the Class who wishes to exclude himself, herself or itself from the Class shall request exclusion in writing within the time and in the manner set forth in the Notice. Any such request for exclusion shall be mailed or delivered such that it is received by the Claims Administrator no later than twenty-one (21) calendar days prior to the Settlement Hearing, as provided in the Notice. No request for exclusion shall be valid unless it is made within the time provided and in the manner specified in the Notice.[4] Any request for exclusion that does not comply with the prerequisites for exclusion will be invalid. A request for exclusion from the Class will be deemed a request for exclusion from the Underwriter Class; and any request for exclusion from the Underwriter Class will be deemed a request for exclusion from the Class, unless otherwise indicated or ordered by the Court.

13. Any person who timely and validly requests exclusion in compliance with the terms stated in this Order (as more fully described in the Notice) and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlements and shall have no right to participate in the distribution of the Net Settlement Fund.

---

[3] For purposes of this Order Preliminarily Approving Proposed Settlements, as used herein the term "Settled Claims" means the Settled Claims as defined in the Underwriter Stipulation and the Settled Claims as defined in the Ambac Stipulation; "Released Parties" means the Released Parties as defined in the Underwriter Stipulation and the Released Ambac Parties as defined in the Ambac Stipulation.

[4] Among other requirements specified in the Notice, a valid request for exclusion must (i) state the name and address of the person or entity requesting exclusion; (ii) state that such person or entity requests exclusion from the Class in *In re Ambac Financial Group, Inc. Securities Litigation*, Case No. 08-00411-NRB and/or *Tolin v. Ambac Financial Group, Inc. et al.*, Case No. 08-11241-CM; (iii) be signed by the person or entity requesting exclusion; (iv) provide a telephone number for that person or entity; and (v) provide the date(s), price(s) and number(s) of shares of all purchases, acquisitions and sales of Ambac Securities during the Class Period.

14.     Any Class Member who does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlements; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by all proceedings, determinations, orders and judgments in the Actions, including those relating to the proposed Settlements, including, but not limited to, the Judgments and the releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Settled Claims against any of the Released Parties, as more fully described in the Notice.

15.     **Appearance and Objections at Fairness Hearing** - Any Class Member may enter an appearance in the Actions, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to Lead Counsel and Defendants' Counsel listed in the Notice such that it is received by the Clerk of Court and such listed counsel no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any member of the Class who does not request exclusion from the Class may file a written objection to the proposed Settlements, the Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of litigation expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlements, the Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of litigation expenses should not be approved; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlements, the Plan of Allocation, and/or the motion for attorneys' fees and

reimbursement of litigation expenses unless that person or entity has filed written objections with the Court and served copies of such objections in the manner provided in the Notice such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing on:

Steven B. Singer
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
1285 Avenue of the Americas, 38th Floor
New York, New York 10019
Telephone: (866) 648-2524
Facsimile: (212) 554-1444

Charles E. Davidow
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7380
Facsimile: (202) 204-7380

Peter C. Hein
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, New York 10019
Telephone: (212) 403-1000
Facsimile: (212) 403-2000

16. Any objections, filings and other submissions by the objecting Class Member must contain (a) the full name, address, and phone number of the objecting Class Member; (b) a list of all of the Class Member's Class Period transactions in Ambac securities during the Class Period, including brokerage confirmation receipts or other competent documentary evidence of such transactions and the dates and prices of each purchase, acquisition and/or sale; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends

11

to appear at the Settlement Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel.

17. Any member of the Class who does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to the Settlements and the request for reimbursement of litigation expenses and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the proposed Settlements, or the requested reimbursement, or from otherwise being heard concerning the Settlements or the reimbursement request in this or any other proceeding.

18. **Stay** - Until otherwise ordered by the Court, the Court stays all proceedings in the Actions other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulations. Pending the Settlement Hearing, the Court enjoins Lead Plaintiffs and all Class Members from commencing or prosecuting, either directly, indirectly, representatively or in any other capacity, any and all of the Settled Claims against each and all of the Released Parties.

19. **Fees and Expenses** – Without further order of the Court, all reasonable costs incurred in identifying and notifying Class Members as well as in administering and distributing the Settlement Funds, processing Proof of Claim Forms, and paying taxes, escrow fees and costs, if any, shall be paid as set forth in the Stipulations.

20. **Settlement Funds** - The contents of the Settlement Funds held by Valley National Bank (which the Court approves as the Escrow Agent), shall be deemed and

considered to be in custodia legis of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulations and/or further order(s) of the Court.

21. **Taxes** - Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect of the Settlement Funds, to pay from the Settlement Funds any Taxes owed with respect to the Settlement Funds, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulations.

22. **Termination of Settlements** - If a Stipulation is terminated, the Ambac and/or the Underwriter Settlement is not approved or the Effective Date of the Ambac and/or the Underwriter Settlement does not occur, this Order shall become null and void and be without prejudice to the rights of Lead Plaintiffs, the Class Members, and the Defendants who are settling parties in that Settlement, all of whom shall be restored to their respective positions in the Actions as set forth in the Stipulation. The Ambac Settlement and the Underwriter Settlement are separate and independent of one another, and approval of one is not conditioned on approval of the other. If one Stipulation or Settlement is terminated or is not approved or the Effective Date does not occur, the other Stipulation or Settlement shall not be affected, except as set forth in the Stipulations and Judgments.

23. **Use of this Order** – As contemplated by the Stipulations, this Order, the proposed Settlements, the Stipulations and any and all of their terms (and all negotiations, discussions and proceedings in connection therewith), among other things: (a) shall not

be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal other than as may be necessary to enforce the terms of this Order and/or the proposed Settlement; (b) shall not be described as, construed as, interpreted as or offered or received against any of the Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission by the Defendants as to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by Lead Plaintiffs or the merits of any of their defenses; and (c) shall not be described as, construed as, interpreted as, or offered or received against Lead Plaintiffs or any Class Member as evidence of any infirmity in the claims of said Lead Plaintiffs and the Settlement Class or that the damages recoverable from the Underwriter Defendants would not have exceeded the Settlement Amount.

24.     **Supporting Papers** - Lead Counsel shall file and serve papers in support of the proposed Settlements and their motion for attorneys' fees and reimbursement of litigation expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; if reply papers are necessary, they are to be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

25.     The Court retains jurisdiction to consider all further applications arising out of the proposed Settlement.

SO ORDERED this __13th__ day of __June__, 2011.

                                                                  _____
                                                                  The Honorable Naomi R. Buchwald
                                                                  United States District Judge

14