MANDATE

11-4643(L)
In Re: Ambac Fin. Grp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

1:08-cv-00411-NRB

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of July, two thousand twelve.

PRESENT: DENNIS JACOBS,
                                    Chief Judge,
     DENNY CHIN,
     SUSAN L. CARNEY,
                                    Circuit Judges.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 3, 2012

- - - - - - - - - - - - - - - - - - - -

IN RE: AMBAC FINANCIAL GROUP, INCORPORATED

PUBLIC SCHOOL TEACHERS' PENSION & RETIREMENT FUND OF CHICAGO, ARKANSAS TEACHERS RETIREMENT SYSTEM, PUBLIC EMPLOYEES' RETIREMENT SYSTEMS OF MISSISSIPPI, SCOTT REIMER, individually and on behalf of all others similarly situated, STANLEY TOLIN, EDWARD WALTON, PAINTING INDUSTRY INSURANCE AND ANNUITY FUNDS, MARKO BABIC, KEVIN PARKER, individually and on behalf of all others similarly situated, MINNEAPOLIS FIREFIGHTERS' RELIEF ASSOCIATION, on behalf of itself and all others similarly situated,
          Plaintiffs-Appellees,

MANDATE ISSUED ON 08/03/2012

```
 1    POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY
 2    OF DETROIT,
 3            Plaintiff-Appellant,

 4            -v.-                       11-4643 (Lead)
 5                                       12-59 (Con)

 6    AMBAC FINANCIAL GROUP, INC., ROBERT J.
 7    GENADER, PHILLIP B. LASSITER, SEAN T. LEONARD,
 8    THOMAS J. GANDOLFO, JOHN W. UHLEIN, III, DAVID
 9    W. WALLIS, MICHAEL A. CALLEN, JILL M.
10    CONSIDINE, W. GRANT GREGORY, THOMAS C.
11    THEOBALD, LAURA S. UNGER, HENRY WALLACE,
12    PHILIP N. DUFF, BANC OF AMERICA SECURITIES,
13    LLC, CITIGROUP GLOBAL MARKETS INC., GOLDMAN,
14    SACHS & CO., HSBC SECURITIES (USA) INC., J.P.
15    MORGAN SECURITIES INC., MERRILL LYNCH, PIERCE,
16    FENNER & SMITH INCORPORATED, UBS SECURITIES
17    LLC, WACHOVIA CAPITAL MARKETS, LLC,
18            Defendants-Appellees,

19    BANC OF AMERICA SECURITIES, LLC, CREDIT SUISSE
20    SECURITIES USA LLC, KEEFE, BRUYETTE & WOODS,
21    INC., KPMG LLP,
22            Defendants,

23    UNITED STATES TRUSTEE,
24            Trustee.
25    - - - - - - - - - - - - - - - - - - - - -X

26    FOR APPELLANT:         Denis F. Sheils (Barbara L.
27                           Moyer, on the brief), Kohn,
28                           Swift & Graf, P.C.,
29                           Philadelphia, Pa.

30    FOR APPELLEES:         Rochelle Feder Hansen (Steven B.
31                           Singer, Niki L. Mendoza, on the
32                           brief), Bernstein Litowitz
33                           Berger & Grossmann LLP, Frederic
34                           S. Fox, Kaplan Fox & Kilsheimer
35                           LLP, on the brief, New York,
36                           N.Y. (Counsel for Public School
```

2

| | |
|---|---|
| | <u>Teachers' Pension & Retirement Fund of Chicago, Arkansas Teachers Retirement System and Public Employees' Retirement System of Mississippi</u>), |
| | Peter C. Hein (C. Lee Wilson, <u>on the brief</u>), Wachtell, Lipton, Rosen & Katz, New York, N.Y. (<u>Counsel for Ambac Financial Group, Inc. and the individual Defendants-Appellees</u>), Richard Reinthaler, Winston & Strawn LLP, <u>on the brief</u>, New York, N.Y. (<u>Counsel for Ambac Financial Group, Inc.</u>). |

Consolidated appeals from judgments of the United States District Court for the Southern District of New York (Buchwald, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgments of the district court be **AFFIRMED**.


Police and Fire Retirement System of the City of Detroit ("PFRS") appeals from: (1) the September 28, 2011, judgments of the District Court approving, pursuant to Federal Rule of Civil Procedure 23(e), a settlement between Ambac Financial Group and plaintiffs in consolidated shareholder class actions, and (2) the December 29, 2011, judgment of the District Court affirming the Bankruptcy Court's order approving the settlement pursuant to Bankruptcy Rule 9019.  As part of the settlement, Ambac released any claims that could be brought on its behalf against its officers and directors.  PFRS, a nominal plaintiff in a shareholder derivative action, argues that Ambac lacked authority to release the derivative claims.

"[T]he filing of [a] bankruptcy petition immediately alter[s] the rights of the [c]orporation and the manner in which its rights [can] be asserted." <u>Mitchell Excavators, Inc. v. Mitchell</u>, 734 F.2d 129, 131 (2d Cir. 1984). "[W]hile normally the fiduciary obligation of officers,

3

directors and shareholders 'is enforceable directly . . . through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee'" or debtor-in-possession.[1]  Id. (quoting Pepper v. Litton, 308 U.S. 295, 307 (1939)).  Accordingly, when Ambac filed for bankruptcy, the derivative claims became property of the debtor-in-possession, Ambac.

"[U]nder certain circumstances a shareholder may assert a cause of action of the debtor even after the commencement of a bankruptcy proceeding.  For example, the trustee may abandon a particular claim, making it possible for others to assert it.  Also, the bankruptcy court may order the trustee to abandon a claim."  Id. (citations omitted).  The bankruptcy court never ordered Ambac to abandon the derivative claims and found that PFRS never petitioned for such an order, a finding PFRS challenges only in its reply brief.  See United States v. Yousef, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not consider an argument raised for the first time in a reply brief.").  PFRS argues that Ambac *unilaterally* abandoned the claims by agreeing to their release.  But in cases of abandonment, "some proceeding in the bankruptcy court must take place before a shareholder can assert the right directly."  Mitchell, 734 F.2d at 132; see also 11 U.S.C. § 554(a)-(b) ("After notice and a hearing, the trustee may abandon any property of the estate . . . .  On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate . . . .").  Moreover, Ambac released the claims as part of a settlement with (inter alia) its directors' and officers' liability insurers, who had asserted that they were unwilling to pay absent the release. Accordingly, the derivative claims belong to the Ambac estate and PFRS lacks a cognizable interest in their release.  See Sobchack v. Am. Nat'l Bank & Trust Co. of Chicago (In re Ionosphere Clubs, Inc.), 17 F.3d 600, 604 (2d Cir. 1994) ("[T]he claims submitted by the [shareholders] to the bankruptcy court are derivative . . . .  They therefore

---

[1] "[D]ebtors-in-possession and reorganization trustees have essentially the same rights, powers, and duties." Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 n.1 (2d Cir. 1993) (citing 11 U.S.C. § 1107(a)).

belong exclusively to the [debtor's] Estate and were extinguished by its settlement of those claims.").

Having concluded that PFRS lacks an interest in the derivative claims, we need not consider the other arguments it raises.  Accordingly, we hereby **AFFIRM** the judgments of the district court.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit